IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John V. Mastriani, | § | |
| *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:17-cv-3039 |
| Aetna Life Insurance Company, | § § § | |
| *Defendant*. | § § | |

**NOTICE OF REMOVAL BY DEFENDANT AETNA LIFE INSURANCE COMPANY**

Pursuant to 28 U.S.C. § 1441 *et seq*. and 28 U.S.C. § 1332, Defendant Aetna Life Insurance Company removes this action from the 281st District Court of Texas, Harris County, to the United States District Court for the Southern District of Texas, Houston Division.

### I.   INTRODUCTION

Plaintiff John V. Mastriani ("Mastriani") filed an original petition in the 281st District Court of Texas, Harris County, Cause No. 2017-35487, against Travelers Property and Casualty formerly known as Aetna Insurance Company on May 25, 2017, styled *John V. Mastriani v. Travelers Property & Casualty F/K/A Aetna Insurance Co*.  Mastriani served Travelers Property Casualty Corp. ("Travelers") on June 15 and Travelers filed its original answer on June 30, 2017. On July 25, 2017, Mastriani amended his petition, adding Aetna Life Insurance Company ("Aetna") as a defendant and withdrawing his claims against Travelers.  Mastriani first served Aetna by personal service on its registered agent for service of process on September 12, 2017.

According to his amended petition, Mastriani seeks benefits allegedly owed to him under a health-insurance policy issued by Aetna.  Mastriani asserts claims for breach of contract,

violations of Chapters 542 and 541 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

For the reasons described below, this Court has subject-matter jurisdiction over the state-court action under 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and it is between citizens of different states. Aetna, therefore, removes this action from state to federal court pursuant to the provisions of 28 U.S.C. Section 1441.

## II.     REMOVAL IS PROPER

This court has subject-matter jurisdiction over this suit under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and it is a civil action between citizens of different states.

### A.     There is complete diversity of citizenship.

The only parties to the case are Mastriani and Aetna. Mastriani's amended petition specifies that "Plaintiff is withdrawing its claims against Defendant Travelers Property & Casualty as that Defendant was misidentified as an interested party and proceeding against Defendant Aetna Life Insurance Company at this time, the Defendant listed below." Am. Pet. ¶ 4. By amending his petition and withdrawing his claims against Travelers, Mastriani nonsuited or voluntarily dismissed his claims against Travelers. *See FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008); *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 200, pet. denied). Accordingly, Travelers is no longer a party to the case.

There is complete diversity of citizenship between Mastriani and Aetna. *See* U.S.C. § 1332(a)(1). Mastriani is a citizen of Texas. Am. Pet. ¶ 3. Aetna is a publicly traded corporation

that is incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Hartford, Connecticut. It is therefore a citizen of Connecticut and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Because Mastriani, who is a citizen of Texas, has brought suit against Aetna, which is a citizen of Connecticut and Pennsylvania, complete diversity exists. 28 U.S.C. § 1332(a)(1).

**B.    The amount-in-controversy requirement is satisfied.**

It is apparent from the face of the petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Mastriani "seeks monetary relief over $100,000 but not more than $200,000, exclusive of attorney's fees, interest and costs." Am. Pet. ¶ 1. The value of that relief necessarily exceeds $75,000. Accordingly, the amount in controversy requirement has been met. *See* 28 U.S.C. 1332(a).

**C.    The procedural requirements for removal are satisfied.**

This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of when Aetna was served. *See* 28 U.S.C. § 1446(b)(1).

The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the state-court action now pends. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(2) & 1441(a).

Pursuant to 28 U.S.C. Section 1446(d), Aetna is simultaneously filing a written notice of this removal with the district clerk of the state court where the action currently pends. Copies of the notice of filing notice of removal, together with this notice of removal, are being served upon

Mastriani pursuant to 28 U.S.C. Section 1446(d), and upon all known counsel of record in this action.

Pursuant to Rule 81 of the Local Civil Rules of the United States District Court for the Southern District of Texas, this notice of removal is accompanied by copies of the following:

1. All executed process in the case (Ex. A);

2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Ex. B);

3. All orders signed by the state judge (Ex. C);

4. The docket sheet (Ex. D);

5. An index of matters being filed (Ex. E); and

6. A list of all counsel of record, including addresses, telephone numbers and parties represented (Ex. F);

### III.  CONCLUSION

Aetna prays that this Court take jurisdiction of this action to its conclusion, to the exclusion of any further proceedings in the state court in accordance with the above law.

Dated this 11th day of October, 2017.

            Respectfully submitted,

            BAKER BOTTS L.L.P.

            By: */s/ Matthew G. Sheridan*
              Matthew G. Sheridan
              Federal I.D. No. 2137583
              Texas Bar No. 24088404
              BAKER BOTTS L.L.P.
              One Shell Plaza
              910 Louisiana Street
              Houston, Texas 77002-4995
              713.229.1568
              713.229.7968 (facsimile)
              matthew.sheridan@bakerbotts.com

            ATTORNEYS FOR DEFENDANT
            AETNA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that on October 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a copy was served on all counsel of record via CM/ECF and/or mail.

            */s/ Matthew G. Sheridan*
            Matthew G. Sheridan