# Exhibit B

5/25/2017 4:53:50 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17263996
By: CUERO, NELSON
Filed: 5/25/2017 4:53:50 PM

2017-35487 / Court: 281

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED JOHN MASTRIANI V TRAVELERS  PROPERTY & CASUALTY INS. CO.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>WADE STEWART<br><br>Address:<br>PO Box 27477<br><br>City/State/Zip:<br>Houston, TX 77027<br><br>Signature:<br>*[signature]* | Email:<br>service@wfslawfirm.com<br><br>Telephone:<br>713-686-9424<br><br>Fax:<br>713-965-9424<br><br>State Bar No:<br>24008089 | Plaintiff(s)/Petitioner(s):<br>John Mastriani<br><br>Defendant(s)/Respondent(s):<br>Travelers Property &<br>Casualty Insurance<br>Co<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** |

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
|  |  | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
|  |  | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—Pre-indictment<br>☐Other: | ☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief

Certified Document Number: 75259898 - Page 1 of 2

EXHIBIT B

| |
|---|
| ✓ Over $100,000 but not more than $200,000 |
| Over $200,000 but not more than $1,000,000 |
| Over $1,000,000 |

Rev 2/13

Certified Document Number: 75259898 - Page 2 of 2

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    October 9, 2017

Certified Document Number:          75259898 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT B

5/25/2017 4:53:50 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17263996
By: Nelson Cuero
Filed: 5/25/2017 4:53:50 PM

# 2017-35487 / Court: 281

Cause No. _____

| | | |
|---|---|---|
| JOHN V. MASTRIANI, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS PROPERTY &CASUALTY | § | |
| F/K/A AETNA INSURANCE CO | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF JOHN V. MASTRIANI (hereinafter 'Mastriani")

complaining of Defendant TRAVELERS PROPERTY and CASUALTY formerly known

as AETNA INSURANCE COMPANY (hereinafter "Travelers"), and for causes of action

would show unto this Honorable Court as follows:

**I.**

**CLAIM FOR RELIEF AND DISCOVERY CONTROL PLAN**

1.      Discovery is being conducted under Level 2 pursuant to Rule 190.3 of the Texas

Rules of Civil Procedure.  Pursuant to Tex. R. P. 47(c)(4), Plaintiff seeks monetary relief

over $100,000 but not more than $200,000, exclusive of attorney's fees, interest and

costs.

2.      Plaintiff intends to conduct discovery under Level Rule 190.3 (Level 2) of the

Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by

expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks

monetary relief over $100,000.00.

Certified Document Number: 75259897 - Page 1 of 10

EXHIBIT B

## II.

## PARTIES

3.     Plaintiff JOHN MASTRIANI is an individual Texas residing in Houston Harris County, Texas, and can be served with documents through his counsel of record.

4.     Defendant TRAVELERS PROPERTY and CASUALTY formerly known as AETNA LIFE INSURANCE COMPANY is an insurance company doing business in Texas and may be served by through its registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 630, Austin, Texas 78701.

## III.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this court because the amount in controversy exceeds the court's minimum jurisdictional limits.

6.     Venue is proper in this court pursuant to Section 15.002 of the Tex. Civ. Prac. & Rem. Code, because all or substantially all of the facts that led to the acts or omissions giving rise to the claims occurred in Harris County, Texas.

## IV.
## CONDITIONS PRECEDENT

7.     All conditions precedent to recovery have been performed, waived, or have occurred.

EXHIBIT B

## V.
## AGENCY AND *RESPONDEAT SUPERIOR*

8.      Whenever in this petition it is alleged that Travelers did any act or omission, it is

meant that Travelers itself or its agents, officers, servants, employees or representatives,

did such act or omission, and it was done with the full authorization or ratification of

Travelers or done in the normal routine, course, and scope of the agency or employment

of Travelers' agents, officers, servants, employees or representative.

## VI.
## FACTS

9.      Plaintiff is a named insured under a health insurance policy ("the policy") issued

by Travelers. The Policy insures, among other things, against losses for medical

treatment and the related cost.

10.     On or about February 26, 2016, during the policy period, Plaintiff underwent

surgery on his right eye to repair a detached retina.

11.     Prior to the surgery, Mastriani's doctor contacted Travelers and obtained pre-

authorization for the procedure. Marie, a customer service representative of Travelers,

told the doctor's office the surgical repair was covered by Mastriani's insurance policy

and that the physician was in network for Mastriani's insurance plan.  Additionally, on

the very same day, Mastriani called Travelers to discuss the upcoming surgery.  Michael,

a customer service representative of Travelers, told Mastriani the claim was approved and

provided a reference number of 2588431482.

12.     Based on these representations, Mastriani had surgery to fix his eye as he was in

danger of losing the vision if he did not have the damage repaired within 24 hours.

Certified Document Number: 75259897 - Page 3 of 10

EXHIBIT B

13.    Subsequent to the surgery, Travelers denied request for payment for the claim despite the fact that Plaintiff and the doctor had obtained pre-authorization for the procedure.  As a result of the denial of the claim , Plaintiff suffered damages.

14.    Plaintiff asked that Travelers honor its contractual obligations to cover the cost of the medical expenses he incurred related to his eye surgery.

## VI.
## BREACH OF CONTRACT

15.    Defendant Travelers had a contract of insurance with Plaintiff MASTRIANI. Plaintiff met or performed all conditions precedent under the contract. Travelers breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

16.    Defendant Travelers is therefore liable to Plaintiff for breach of contract.

## VII.
## PROMPT PAYMENT OF CLAIMS STATUTE

17.    Plaintiff's claim is a claim under an insurance policy with Defendant Travelers, of which MASTRIANI gave Travelers proper notice.  Travelers is liable for the claim.

18.    Travelers violated the prompt payment claims provision of the Texas Insurance Code, namely, section 542 et seq., by

19.    Delaying payment of the claim following Travelers receipt of all items, statements, and forms reasonably requested and required, longer that the amount provide by Tex. Ins. Code Section 542.058.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Travelers reasonably believed

EXHIBIT B

would be required within the time constraints provided by Tex. Ins. Code Section 542.055.

## VIII.
## UNFAIT SETTLEMENT PRACTICES/BAD FAITH

20.     Each of the foregoing paragraphs is incorporated by reference here fully.

21.     As explained further herein, Travelers violated Tex. Ins. Code. Section 541.060(a) by engaging in unfair settlement practices.

22.     Travelers engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers liability became reasonably clear, failing to provide Mastriani with a honest and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, and for refusing to pay the claim without conducting a reasonable investigation with respect to the clam.

23.     Each of the aforementioned unfair settlement practices was committed knowingly by Travelers and was a producing cause of Plaintiff's damages.  Travelers is therefore liable to Plaintiff for engaging is such unfair settlement practices.

## IX.
## DTPA

24.     Each of the foregoing paragraphs is incorporated by reference here fully.

25.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from the Defendant, and the products and services from the basis of this action.

EXHIBIT B

26.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

27.     Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law, Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a) (1) (3) in that Travelers generally engaged in unconscionable courses of action while handling Mastriani's claim; and/or violating the provisions of the Texas Insurance Code, as further described herein.

28.     As a result of Defendant's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore Defendants are liable to Plaintiff for violations of the DTPA.

29.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and the Texas Insurance Code § 541.152(a)-(b).

EXHIBIT B

## X.
## BREACH OF DUTY OF GOOD FATIH AND FAIR DEALING

30.     Defendant Travelers breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Travelers knew of should have known liability was reasonably clear.  Travelers' conduct proximately caused Plaintiff's damages.

31.     Defendant Travelers is therefore liable to Plaintiff Mastriani.

## XI.
## ATTORNEY FEES

32.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and appeal

33.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

34.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus & Comm. Code section 17.50(d).

35.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## XII.
## KNOWLEDGE

Certified Document Number: 75259897 - Page 7 of 10

EXHIBIT B

36.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### XIII.
### DAMAGES

37.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38.    As previously mentioned the damages were caused by the failure to pay the claim when properly notified. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws as set forth above.

39.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

40.    For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. Tex Ins. Code §541.152

41.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney fees. Tex Ins. Code §542.060.

42.    For breach of the common duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

Certified Document Number: 75259897 - Page 8 of 10

EXHIBIT B

of duty, such as additional cost, economic hardship, losses due to nonpayment if the amount owed, exemplary damages, and damages for emotional distress.

43.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representation, along with attorney's fee's fees, interest, and court costs.

44.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XIV.
## RESERVATION OF RIGHTS

45.     Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## XV.
## REQUEST FOR DISCLOSURE

46.     Under the authority of Texas Rules of Civil Procedure Rule 194, Plaintiff requests that Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual

EXHIBIT B

damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be fond. In addition Plaintiff request the award of attorney's fees for the trial and any appeal of the case, for all court costs on Plaintiff's behalf expended, for prejudgment interest at the maximum legal rate for all amounts awarded until paid, for postjudgment interest at the maximum legal rate for all amounts awarded until paid, and for any and other further relief, either at law or in equity, to which Plaintiff is justly entitled

Respectfully submitted;

Law Office of Wade F. Stewart

___/s/_Wade F. Stewart___

WADE F. STEWART
State Bar No. 24008089
P.O. Box 24008089
Houston, Texas 77027
(713) 965-9424
(713) 686-9424(facsimile)
ATTORNEYS FOR PLAINTIFF
service@wfslawfirm.com
for service of documents only

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 9, 2017

Certified Document Number:        75259897 Total Pages:  10

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT B

6/30/2017 12:54 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17947338
By: Shaniece Richardson
Filed: 6/30/2017 12:54 PM

CAUSE NO. 2017-35487

| | | |
|---|---|---|
| JOHN V. MASTRIANI | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS PROPERTY & CASUALTY | § | |
| f/k/a AETNA INSURANCE CO. | § | |
| *Defendant.* | § | 281ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER
## AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **TRAVELERS PROPERTY CASUALTY CORP. (incorrectly named "Travelers Property & Casualty f/k/a Aetna Insurance Co."),** Defendant in the above-entitled and numbered cause, and files this Original Answer in response to the claim(s) of **JOHN V. MASTRIANI**, hereafter referred to as Plaintiff, and respectfully shows the Court and Jury the following:

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, **TRAVELERS PROPERTY CASUALTY CORP.,** having answered herein, prays that Plaintiff take nothing by this suit, that Defendant be discharged without delay, that Defendant be awarded all costs of Court, and all further relief, both general and special, legal and equitable, to which Defendants may be justly entitled.

EXHIBIT B

Respectfully submitted,

**DAVID KLOSTERBOER & ASSOCIATES**

**LOUISE BENJAMIN MALEK**
Texas State Bar No. 02134400
4650 Westway Park Blvd., Ste. 150
Houston, Texas  77041
Telephone No.:  (281) 606-8961
Facsimile No.:  (281) 606-8970
ESERVICE ONLY: DKLAWHOU@travelers.com
**ATTORNEY FOR DEFENDANT,**
**TRAVELERS PROPERTY CASUALTY CORP.**

## JURY DEMAND

Defendant formally requests a trial by jury and tenders payment in satisfaction of the jury fee.

EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record, or parties pro se, as listed below by either regular mail, certified mail, return receipt requested, hand delivery, facsimile and/or electronic transmission, on this the 30th day of June, 2017.

Wade F. Stewart
Law Office of Wade F. Stewart
P.O. Box 27477
Houston, Texas  77027
**ATTORNEY FOR PLAINTIFF**

*__Via Eservice: service@wfslawfirm.com__*
*__Via Facsimile: 713/686-9424__*

**LOUISE BENJAMIN MALEK**

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 9, 2017

Certified Document Number:        75748884 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT B

7/25/2017 6:54 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18429516
By: Sarah Anderson
Filed: 7/25/2017 6:54 PM

Cause No. 2017-35487

| | | |
|---|---|---|
| JOHN V. MASTRIANI, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS PROPERTY &CASUALTY | § | |
| F/K/A AETNA INSURANCE CO | § | |
| *Defendant* | § | 281st JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF JOHN V. MASTRIANI (hereinafter 'Mastriani")
complaining of Defendant CASUALTY formerly known as AETNA INSURANCE
COMPANY (hereinafter "AETNA"), and for causes of action would show unto this
Honorable Court as follows:

### I.

### CLAIM FOR RELIEF AND DISCOVERY CONTROL PLAN

1.    Discovery is being conducted under Level 2 pursuant to Rule 190.3 of the Texas
Rules of Civil Procedure.  Pursuant to Tex. R. P. 47(c)(4), Plaintiff seeks monetary relief
over $100,000 but not more than $200,000, exclusive of attorney's fees, interest and
costs.

2.    Plaintiff intends to conduct discovery under Level Rule 190.3 (Level 2) of the
Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by
expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks
monetary relief over $100,000.00.

EXHIBIT B

## II.

## PARTIES

3.     Plaintiff JOHN MASTRIANI is an individual Texas residing in Houston Harris County, Texas, and can be served with documents through his counsel of record.

4.     Defendant TRAVELERS PROPERTY and CASUALTY formerly known as AETNA LIFE INSURANCE COMPANY is an insurance company doing business in Texas and may be served by through its registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 630, Austin, Texas 78701.  Defendant Travelers has filed and an answer and made an appearance herein.  Plaintiff is withdrawing its claims against Defendant Travelers Property & Casualty as that Defendant was misidentified as an interested party and proceeding against Defendant Aetna Life Insurance Company at this time, the Defendant listed below.

5.     Defendant AETNA LIFE INSURANCE COMPANY is an insurance company doing business in Texas and may be served by through its registered agent for service: Corporation Service Company 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in this court because the amount in controversy exceeds the court's minimum jurisdictional limits.

EXHIBIT B

7.      Venue is proper in this court pursuant to Section 15.002 of the Tex. Civ. Prac. & Rem. Code, because all or substantially all of the facts that led to the acts or omissions giving rise to the claims occurred in Harris County, Texas.

## IV.
## CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that Aetna did any act or omission, it is meant that Aetna itself or its agents, officers, servants, employees or representatives, did such act or omission, and it was done with the full authorization or ratification of Aetna or done in the normal routine, course, and scope of the agency or employment of Aetna' agents, officers, servants, employees or representative.

## VI.
## FACTS

10.     Plaintiff is a named insured under a health insurance policy ("the policy") issued by Aetna. The Policy insures, among other things, against losses for medical treatment and the related cost.

11.     On or about February 26, 2016, during the policy period, Plaintiff underwent surgery on his right eye to repair a detached retina.

12.     Prior to the surgery, Mastriani's doctor contacted Aetna and obtained pre-authorization for the procedure. Marie, a customer service representative of Aetna, told

Certified Document Number: 76085578 - Page 3 of 11

EXHIBIT B

the doctor's office the surgical repair was covered by Mastriani's insurance policy and that the physician was in network for Mastriani's insurance plan. Additionally, on the very same day, Mastriani called Aetna to discuss the upcoming surgery. Michael, a customer service representative of Aetna, told Mastriani the claim was approved and provided a reference number of 2588431482.

13.     Based on these representations, Mastriani had surgery to fix his eye as he was in danger of losing the vision if he did not have the damage repaired within 24 hours.

14.     Subsequent to the surgery, Aetna denied request for payment for the claim despite the fact that Plaintiff and the doctor had obtained pre-authorization for the procedure. As a result of the denial of the claim, Plaintiff suffered damages.

15.     Plaintiff asked that Aetna honor its contractual obligations to cover the cost of the medical expenses he incurred related to his eye surgery.

## VI.
## BREACH OF CONTRACT

16.     Defendant Aetna had a contract of insurance with Plaintiff MASTRIANI. Plaintiff met or performed all conditions precedent under the contract. Aetna breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

17.     Defendant Aetna is therefore liable to Plaintiff for breach of contract.

## VII.
## PROMPT PAYMENT OF CLAIMS STATUTE

18.     Plaintiff's claim is a claim under an insurance policy with Defendant Aetna, of which MASTRIANI gave Aetna proper notice. Aetna s liable for the claim.

EXHIBIT B

19.     Aetna violated the prompt payment claims provision of the Texas Insurance Code, namely, section 542 et seq., by

20.     Delaying payment of the claim following Aetna receipt of all items, statements, and forms reasonably requested and required, longer that the amount provide by Tex. Ins. Code Section 542.058.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Aetna reasonably believed would be required within the time constraints provided by Tex. Ins. Code Section 542.055.

**VIII.**
**UNFAIT SETTLEMENT PRACTICES/BAD FAITH**

21.     Each of the foregoing paragraphs is incorporated by reference here fully.

22.     As explained further herein, Aetna violated Tex. Ins. Code. Section 541.060(a) by engaging in unfair settlement practices.

23.     Aetna engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Aetna's liability became reasonably clear, failing to provide Mastriani with a honest and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, and for refusing to pay the claim without conducting a reasonable investigation with respect to the clam.

24.     Each of the aforementioned unfair settlement practices was committed knowingly by Aetna and was a producing cause of Plaintiff's damages. Aetna is therefore liable to Plaintiff for engaging is such unfair settlement practices.

**IX.**
**DTPA**

EXHIBIT B

25.    Each of the foregoing paragraphs is incorporated by reference here fully.

26.    At all material times herein, Aetna was a "consumer" who purchased insurance products and services from the Defendant, and the products and services from the basis of this action.

27.    Defendant has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

28.    Defendant represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law, Defendant represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendant, by accepting insurance premiums but refusing a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a) (1) (3) in that Aetna generally engaged in unconscionable courses of action while handling Mastriani's claim; and/or violating the provisions of the Texas Insurance Code, as further described herein.

29.    As a result of Aetna's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore Defendant is liable to Plaintiff for violations of the DTPA.

EXHIBIT B

30.     Further, Defendant knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and the Texas Insurance Code § 541.152(a)-(b).

## X.
## BREACH OF DUTY OF GOOD FATIH AND FAIR DEALING

31.     Defendant Aetna breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Aetna knew of should have known liability was reasonably clear.  Aetna's conduct proximately caused Plaintiff's damages.

32.     Defendant Aetna is therefore liable to Plaintiff Mastriani.

## XI.
## ATTORNEY FEES

33.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and appeal

34.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus & Comm. Code section 17.50(d).

EXHIBIT B

36.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## XII.
## KNOWLEDGE

37.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XIII.
## DAMAGES

38.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

39.    As previously mentioned the damages were caused by the failure to pay the claim when properly notified. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws as set forth above.

40.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

41.    For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. Tex Ins. Code §541.152

42.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest

EXHIBIT B

per annum on the amount of such claim as damages, together with attorney fees. Tex Ins.

Code §542.060.

43.     For breach of the common duty of good faith and fair dealing, Plaintiff is entitled

to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional cost, economic hardship, losses due to nonpayment if the

amount owed, exemplary damages, and damages for emotional distress.

44.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary

damages for knowingly fraudulent and malicious representation, along with attorney's

fee's fees, interest, and court costs.

45.     For the prosecution and collection of this claim, Plaintiff has been compelled to

engage the services of the attorney whose name is subscribed to this pleading. Therefore,

Plaintiff is entitled to recover a sum for the reasonable and necessary services of

Plaintiff's attorney in the preparation and trial of this action, including any appeals to the

Court of Appeals and/or the Supreme Court of Texas.

## XIV.
## RESERVATION OF RIGHTS

46.     Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff

reserves the right to amend this petition to add additional counts upon further discovery

and as the investigation continues.

## XV.
## REQUEST FOR DISCLOSURE

47.     Under the authority of Texas Rules of Civil Procedure Rule 194, Plaintiff requests

that Defendant discloses, within 50 days of service of this request, the information or

material described in Rule 194.2.

EXHIBIT B

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be fond. In addition Plaintiff request the award of attorney's fees for the trial and any appeal of the case, for all court costs on Plaintiff's behalf expended, for prejudgment interest at the maximum legal rate for all amounts awarded until paid, for postjudgment interest at the maximum legal rate for all amounts awarded until paid, and for any and other further relief, either at law or in equity, to which Plaintiff is justly entitled

Respectfully submitted;

Law Office of Wade F. Stewart

____/s/_Wade F. Stewart____

WADE F. STEWART
State Bar No. 24008089
P.O. Box 24008089
Houston, Texas 77027
(713) 965-9424
(713) 686-9424(facsimile)
ATTORNEYS FOR PLAINTIFF
service@wfslawfirm.com
for service of documents only

## CERTIFICATE OF SERVICE

EXHIBIT B

I hereby certify that a true and correct copy of the foregoing has been forwarded to counsel of record as shown below by certified mail, return receipt requested, and/or by facsimile on this the _24th of July, 2017.

Louise Malek                    *Via Facsimile:  (281)606-8970*
David Klosterboer & Associates
4650 Westway Park Blvd., Suite 150
Houston, Texas 77041

Certified Document Number: 76085578 - Page 11 of 11

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 9, 2017

Certified Document Number:        76085578 Total Pages:  11

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT B

10/6/2017 10:02 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19903823
By: Sarah Anderson
Filed: 10/6/2017 10:02 AM

CAUSE NO. 2017-35487

| | | |
|---|---|---|
| John V. Mastriani, | § | In the District Court of |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| Aetna Life Insurance Company, | § | |
| | § | |
| *Defendant.* | § | 281st Judicial District |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

Defendant Aetna Life Insurance Company answers Plaintiff John V. Mastriani's live petition as follows.

1.     As authorized by Texas Rule of Civil Procedure 92, Aetna generally denies each and every material allegation in Mastriani's First Amended Petition, as the same may hereafter be amended or supplemented, and demands that Mastriani strictly prove each claim by a preponderance of the credible evidence as required by the Constitution and laws of the State of Texas.

2.     Mastriani has failed to state a claim upon which relief can be granted.

3.     Mastriani's claims are barred by the failure or failures of conditions precedent under the terms and conditions of his policy.

4.     Mastriani's recovery, if any, is limited by the terms, conditions, exclusions, limitations, and other provisions of his policy.

5.     Even if Mastriani is entitled to additional benefits under his policy, which entitlement is denied, such benefits are subject to an offset for all benefits Mastriani has received or become entitled to receive from other sources, as set forth in the policy.

EXHIBIT B

6.      Even if Mastriani is entitled to additional benefits under his policy, which entitlement is denied, such entitlement does not mean Mastriani would be entitled to future benefits, given the effect of different terms, conditions, limitations, exclusions, and other provisions in the policy.

7.      To the extent applicable, Aetna asserts the defenses of waiver and estoppel.

8.      Mastriani has failed to mitigate his alleged damages, if any.

9.      Mastriani's claims may be barred in whole or in part by his own contributory negligence or the contributory negligence of others, if any.

10.     Aetna hereby gives notice that it may rely upon other applicable defenses of which it may become aware during discovery in this case and hereby reserves the right to amend this answer to assert any such defenses.

### JURY DEMAND

11.     Aetna respectfully requests trial by jury on all contested issues of fact.  The requisite jury fee is attached.

### REQUEST FOR RELIEF

12.     Aetna requests that upon final trial and hearing in this case, Mastriani takes nothing by reason of this suit, that Aetna recover its costs of court and expenses, and all other relief to which it is entitled.

EXHIBIT B

Dated this 6th day of October, 2017

Respectfully submitted,

BAKER BOTTS L.L.P.


By:    */s/ Matthew G. Sheridan*
      Matthew G. Sheridan
      State Bar No. 24088404
      One Shell Plaza
      910 Louisiana Street
      Houston, Texas 77002
      Telephone: 713.229.1568
      Facsimile: 713.229.7968
      matthew.sheridan@bakerbotts.com

      ATTORNEYS FOR DEFENDANT
      AETNA LIFE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that on October 6, 2017, a true and correct copy of the foregoing was served by electronic mail on the following counsel of record:

      Mr. Wade F. Stewart
      Law Office of Wade F. Stewart
      P.O. Box 24008089
      Houston, Texas 77027
      *service@wfslawfirm.com*


      */s/ Matthew G. Sheridan*
            Matthew G. Sheridan

EXHIBIT B